1  HOWARD R. PRICE, SBN 41522
   9777 Wilshire Boulevard, Suite 900
2  Beverly Hills, California 90212
   Telephone:  310-277-84
3  Facsimile: 310-274-4602
   Email: hrprice@aol.com
4
   Attorney for Plaintiff
5  TAMARA GAGLIONE

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                        CV12- 02857 JFW(AGRx)

11

12  TAMARA GAGLIONE,                    )  CASE NO.
                                        )
13        Plaintiff,                    )  COMPLAINT FOR DAMAGES
                                        )
14        vs.                           )  (Civil Rights)
                                        )
15  DANIEL HERNANDEZ, ROBERTO           )  42 U.S.C. § 1983
                                        )
16  MARTINEZ , OSCAR CHAVEZ,            )
                                        )  DEMAND FOR JURY TRIAL
17  CHAD WILLIAMS, SPENCER SMITH,       )
                                        )
18  and DOES 1 to 10, in his/her official )
                                        )
19  and individual capacities,          )
                                        )
20                                      )
                                        )
21        Defendants.                   )
                                        )
22    Plaintiff, TAMARA GAGLIONE, alleges:

23               JURISDICTION AND VENUE

24        1.      This is a complaint for damages based upon the use of excessive

25  force by the defendants on the plaintiff when they arrested her on August 30, 2011

26  and their subsequent malicious prosecution of her.

27        2.      This case is brought pursuant to the United States Constitution

28  and 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

PARTIES

3.     At all time relevant hereto, plaintiff TAMARA GAGLIONE ("GAGLIONE") resided in Los Angeles County.

4.     Defendants DANIEL HERNANDEZ, ROBERTO MARTINEZ, OSCAR CHAVEZ, CHAD WILLIAMS and SPENCER SMITH were employed as police officers by the California Highway Patrol ("CHP") and perpetrated the unlawful conduct against GAGLIONE, as described herein.

5.     GAGLIONE is ignorant of the true names of the individuals sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. GAGLIONE will amend this complaint to allege their true names when ascertained. GAGLIONE is informed and believes, and therefore alleges on such information and belief, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that her damages as herein alleged were proximately caused by the defendants' conduct. Each reference in this complaint to "the defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

6.     Each individual defendant is sued in both his/her individual and official capacities.

7.     All of the defendants conspired, collaborated and confederated to deprive GAGLIONE of her civil rights as described herein, each was the agent of the other, and all of the defendants are responsible in some manner for the unlawful acts alleged herein and are the proximate cause of the damages GAGLIONE has suffered and incurred.

8.     All of the defendants did the acts and omissions hereinafter alleged intentionally, in bad faith and with knowledge that their conduct violated well established and settled law.

FACTUAL BACKGROUND

9.     On August 30, 2011, at about 6:22 p.m., while on patrol

2

1  defendant HERNANDEZ observed GAGLIONE driving her 10 year old Dodge

2  Caravan northbound on the Harbor Freeway after she transitioned from the eastbound

3  Santa Monica Freeway. At the time she was unlawfully using her cell phone. He

4  followed her and activated the red overhead lights and siren on his patrol car in order

5  to initiate a traffic stop. GAGLIONE immediately obeyed and pulled off the freeway

6  onto the right shoulder.

7         10.   HERNANDEZ, using his vehicle's public address system,

8  ordered GAGLIONE to not stop there and to exit the freeway. Because of the noise

9  of the bumper to bumper evening rush hour traffic, and because she had all of her car

10  windows up in order to listen to her cell phone, she did not fully hear and understand

11  HERNANDEZ' order, other than believing he did not want her to stop on this

12  shoulder.

13         11.   GAGLIONE then returned to the freeway thinking that the Harbor

14  Freeway had a shoulder to the left of the number one lane, as she knew the San Diego

15  and Santa Monica Freeways did, and she moved lane by lane to her left intending to

16  stop on that shoulder.

17         12.   HERNANDEZ followed her and activated his "full code 3 lights

18  and siren." He again used the public address system to order her to pull off to the

19  right. Despite being understandably scared and confused, she again promptly pulled

20  over to the right shoulder and came to a stop. From the first to the second stop,

21  GAGLIONE neither traveled more than a quarter of a mile nor drove more than 10

22  mph because of the heavy traffic. Only approximately one and a half minutes

23  elapsed between the two stops.

24         13.   Once stopped, HERNANDEZ initiated a "high risk stop" and

25  ordered her to turn off the ignition of her car, throw the keys out the window and get

26  out of her car. GAGLIONE obeyed these orders. By this time, defendant

27  MARTINEZ had arrived. When GAGLIONE exited her car, she immediately saw

28  that both HERNANDEZ and MARTINEZ were pointing their guns at her and

1  yelling at her. This thoroughly terrified her as she could not comprehend why guns

2  were drawn because of a minor traffic violation. As a result, she simply froze up in

3  consternation and remained standing facing the officers with her hands in plain view

4  at her side. At the time GAGLIONE was 30 years old, 5'7" and weighed about 128

5  lbs. She was not dressed in a threatening manner. Because she was so paralyzed in

6  fear and confusion, she did not hear the orders for her to turn around.

7        14.    Both officers then aggressively approached her with their guns

8  drawn and pointed at her. While doing so, HERNANDEZ holstered his gun, and

9  when he was about one to two feet from GAGLIONE, she told him she was pregnant

10  and then instinctively, fearfully and defensively turned almost completely around

11  with her back to him. Because at the time she was about two months pregnant, this

12  was the only thing GAGLIONE could think of saying because she had been in a

13  hospital emergency room for 10 hours the previous day due to vaginal bleeding.

14  GAGLIONE never acted in a hostile or aggressive manner to either officer, either by

15  word or deed.

16        15.    Nevertheless, despite presenting no threat to either officer's safety,

17  HERNANDEZ grabbed her neck from behind, simultaneously kicked her feet out

18  from under her and slammed her face down to the pavement. He then heavily pressed

19  his left knee down on the back of her neck. This caused severe pain to GAGLIONE

20  and she continuously screamed in agony as she lied on the pavement proned out with

21  the full weight of HERNANDEZ's body pressed into her torso. Despite admittedly

22  knowing she had said she was pregnant, HERNANDEZ then kicked her in her left rib

23  cage with his right foot, falsely claiming that GAGLIONE was resisting being

24  handcuffed. MARTINEZ assisted HERNANDEZ in handcuffing GAGLIONE

25  behind her back face down on the pavement.

26        16.    Despite now being totally immobilized, not resisting and

27  completely in the control of HERNANDEZ and MARTINEZ, they then conversed

28  with defendants CHAVEZ and DOE 1, who had arrived as back up along with three

1    other CHP officers. CHAVEZ and Doe 1 then tied GAGLIONE's ankles together,
2    bent her bound lower legs at the knee and connected her bound ankles to her cuffed
3    hands. Without any need or justification, and even though there were at least seven
4    CHP officers present the time, the defendants HOG TIED GAGLIONE.

5          17.    The entire incident was video taped by the dash board
6    camera in HERNANDEZ' patrol car.

7          18.    After remaining in this painful position for what seemed to
8    GAGLIONE as an eternity, defendants WILLIAMS and SMITH, who had also
9    arrived as back up and had observed GAGLIONE being unjustifiably hog tied and
10   did nothing to prevent it, picked GAGLIONE up and put her in HERNANDEZ'
11   vehicle, forcing her to lie hog tied on her left side on the rear seat.

12         19.    HERNANDEZ then drove her to his station, a trip that took
13   more than 20 minutes, but seemed forever to GAGLIONE because of the
14   excruciating pain that she was in.

15         20.    As part of the conspiracy, HERNANDEZ then prepared and filed
16   an Arrest-Investigation Report of the incident which contained numerous material
17   falsehoods to cover up the wrong doing of the defendants. He then deceived and
18   duped the Los Angeles City Attorney, who conducted no independent investigation
19   of the incident and relied solely on the false report believing it to be factual and
20   accurate, to file a criminal complaint against GAGLIONE charging her with evading
21   a police officer in violation of Vehicle Code § 2800.1(a) and resisting arrest in
22   violation of Penal Code § 148(a)(1). This constituted a malicious prosecution.

23         21.    On the day trial was to commence, after the video tape was
24   reviewed in its entirety by the court and prosecutors, GAGLIONE pled no contest to
25   unlawfully using a cell phone while driving in violation of V.C. § 23123(a) and
26   received a $20 fine—suspended. All other charges were dismissed in the furtherance
27   of justice on the motion of the prosecutor under P.C. § 1385.

28

5

## LIABILITY

22.   At all times mentioned herein, all of the defendant police officers, and each of them, were acting under color of state law and deprived GAGLIONE of an interest protected by the Constitution or laws of the United States.

23.   All of the defendant police officers subjected her to unreasonable and excessive force when they arrested her and then subjected GAGLIONE to a malicious prosecution.

24.   All acts or omissions by any defendant are alleged to have been engaged in with evil motive, malice and intent, and in callous, reckless and wanton disregard of GAGLIONE's civil rights.

25.   At the time of the events described herein, the rights of persons within the jurisdiction of the United States of America under the Fourth Amendment to the United States Constitution to be secure in their home, person and effects against unreasonable searches and seizures and not to be subjected to the use of excessive force and malicious prosecution were in full force and effect, and each individual police officer defendant conspired to and in fact engaged in conduct which violated those Fourth Amendment rights, thereby also violating the Fourteenth Amendment to the United States Constitution, entitling GAGLIONE to recover damages pursuant to 42 U.S.C. § 1983.

## DAMAGES

26.   As a direct, legal and proximate cause of the defendants' conduct, GAGLIONE has suffered substantial physical pain and severe emotional stress, degradation, torment, humiliation and anxiety caused a) by the excessive force, especially her months of dread that her soon to be born child will have been harmed by the brutal conduct inflicted on her by the defendants, whether the harm is manifested at birth or at some later time, and b) the stress and anxiety associated with being maliciously prosecuted. Additionally, c) she has incurred substantial attorney fees and costs in successfully defending the malicious prosecution.

6

1

## DEMAND FOR JURY TRIAL

2

3

GAGLIONE demands trial by jury on all issues.

4

5    DATED: March 24, 2012

6                                    HOWARD R. PRICE
                                     Attorney for Plaintiff
7                                    TAMARA GAGLIONE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

## FIRST CAUSE OF ACTION (EXCESSIVE FORCE)

27.   The defendants' use of excessive force as set forth herein violated the Fourth Amendment, and thereby also violated the Fourteenth Amendment to the United States Constitution, entitling GAGLIONE to recover damages pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION (MALICIOUS PROSECUTION)

28.   The defendants' conduct in initiating a malicious prosecution as set forth herein violated the Fourth Amendment, and thereby also violated the Fourteenth Amendment to the United States Constitution, entitling GAGLIONE to recover damages pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, GAGLIONE requests damages against all defendant and each of them as follows:

1. General damages in the sum of $5,000,000;

2. Special damages according to proof;

3. Punitive damages as to all defendants in the sum of $10,000,000;

4. Costs, interest and attorney's fees; and

5. For such other and further relief as the court deems just and proper.

DATED:  March 24, 2012

HOWARD R. PRICE
Attorney for Plaintiff
TAMARA GAGLIONE

7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 2857 JFW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

------------------------------------------------

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: HOWARD R. PRICE, SBN 41522
9777 WILSHIRE BLVD., SUITE 900
BEVERLY HILLS, CA 90212

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA GAGLIONE, | CASE NUMBER |
| PLAINTIFF(S) v. | **CV12- 2857JFW(MRx)** |
| DANIEL HERNANDEZ, ROBERTO MARTINEZ, OSCAR CHAVEZ, CHAD WILLIAMS, SPENCER SMITH, AND DOES 1 TO 10, in his/her official and individual Capacities DEFENDANT(S). | **SUMMONS** |

TO:  DEFENDANT(S): Daniel Hernandez, Roberto Martinez, Oscar Chavez,
Chad Williams, Spencer Smith, and DOES 1 to 10, in his/her official
A lawsuit has been filed against you.          and individual capacities

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _HOWARD R. PRICE_____, whose address is _9777 WILSHIRE BLVD., SUITE 900, BEVERLY HILLS, CA 90212_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR - 2 2012

Dated: _____

Clerk, U.S. District Court

By: _____
      Deputy Clerk

**JULIE PRADO   SEAL**

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                         SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TAMARA GAGLIONE

**DEFENDANTS**
DANIEL HERNANDEZ, ROBERTO MARTINEZ, OSCAR CHAVEZ, CHAD WILLIAMS, SPENCER SMITH, DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

HOWARD R. PRICE
9777 WILSHIRE BLVD., SUITE 900
BEVERLY HILLS, CA 90212   TEL: 310.277.8438

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** 15,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 371 Truth in Lending | | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-02857

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

UNITED STAT.   .JISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los ANGELES | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date MARCH 27, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |